**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| DOMINIC MEDEIROS and SHEILA MARCIL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> POINT PICKUP TECHNOLOGIES, INC. <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 3:21-cv-1056 |

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

1. This case is brought on behalf of individuals who have worked as delivery drivers for Point Pickup Technologies, Inc. ("Point Pickup") in the Commonwealth of Massachusetts, as well as a proposed collective of all Point Pickup drivers in the United States. Point Pickup is a merchandise delivery company that employs delivery drivers who are dispatched through a mobile phone application to deliver products from Wal-Mart, Shaw's, and Gamestop to customers at their homes and businesses.

2. As described further below, Point Pickup misclassified all delivery drivers as independent contractors when they are actually employees for the purposes of the Massachusetts wage laws. In doing so, Point Pickup has violated G.L. c. 149, § 148 and G.L. c. 151, §§ 1, 1A buy failing to pay minimum wage and overtime premium to delivery drivers, and failing to reimburse them for all work-related expenses. Plaintiff brings this these claims on behalf of all similarly situated employees pursuant to G.L. c. 149, § 150, G.L. c. 151, § 20 and Fed. R. Civ. P. 23. Plaintiffs also bring claims to recover unpaid overtime wages pursuant to 29 U.S.C. §§ 207, 216.

3. In the alternative, if it is determined that Plaintiffs and delivery drivers are not employees of Point Pickup, they assert claims under G.L. Chapter 93A for unfair and deceptive acts and practices because Point Pickup provided them intentionally misleading information about the mileage required for the job assignments, and the drivers relied upon that information to decide whether to accept a specific job assignment, which resulted in the drivers spending more time performing work and earning less compensation for the deliveries than was represented by Defendant.

## PARTIES

4. Plaintiff Dominic Medeiros is an adult resident of Attleboro, Massachusetts. He worked as a delivery driver for Point Pickup from approximately March 2021 to June 2021.

5. Plaintiff Sheila Marcil is an adult resident of Attleboro, Massachusetts. She has worked as a delivery driver for Point Pickup since approximately February 2021.

6. Plaintiffs bring their claims on behalf of a class of all Point Pickup delivery drivers in Massachusetts.

7. Point Pickup Technologies is a Connecticut corporation located in Greenwich, Connecticut.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

9. Venue is proper in this District because of a forum selection clause included in the contract drafted by Defendants.

## STATEMENT OF FACTS

10. Point Pickup is a Connecticut-based delivery company that performs deliveries for its business partners, such as Wal-Mart, Gamestop, and Shaw's Supermarket.

11. Point Pickup contracts with delivery drivers in Massachusetts to perform these deliveries. Although classified as independent contractors, these delivery drivers are actually Point Pickup's employees.

12. Point Pickup delivery drivers receive their assigned deliveries through Point Pickup's smart phone application.

13. A series of deliveries is presented on the App, and listed with the delivery assignments is an amount of compensation that Point Pickup will pay for the delivery jobs, as well as a statement of the number of miles that must be driven for the job.

14. The compensation for each job is unilaterally determined by Point Pickup.

15. Point Pickup's quoted number of miles for each set of deliveries is incorrect. Drivers rely on this misrepresentation when choosing whether or not to accept an assigned job.

16. When the driver has accepted the assigned series of jobs, he or she proceeds to a Wal-Mart or other business location to await the products that are being delivered.

17. The delivery drivers often wait one or two hours until the products are ready to be picked up for delivery. They receive no additional compensation for this time.

18. Once the products are loaded into the delivery drivers' vehicle, he or she then delivers the merchandise to the assigned customer locations.

19. When they perform the assigned batch of jobs, the true mileage is substantially more than what was listed by Point Pickup, requiring drivers to incur additional time and expenses associated with performing the extra delivery work, without any additional compensation.

20. Plaintiffs often would not have agreed to perform certain delivery tasks had they known that the true mileage was substantially higher than the number of miles quoted by Point Pickup.

21. When there is a large volume of deliveries, a dispatch employee of Point Pickup will call drivers and tell them that they are needed to sign-in and take job assignments.

22. Drivers must follow Point Pickup's instructions regarding where to make deliveries.

23. Drivers can be terminated for failing to provide service that satisfies Point Pickup's standards.

24. Point Pickup is in the business of providing last-mile delivery of retail products to customers in Massachusetts, and Plaintiffs' services are fully integrated into that business and essential to that business.

25. Plaintiffs do not operate their own independently established businesses, as Point Pickup determines all delivery prices and driver compensation, and Point Pickup deals exclusively with the businesses that avail themselves of Point Pickup's delivery services.

26. Without the work of delivery drivers, Point Pickup would not function and would not generate any revenue.

27. Based on the delivery drivers' classification as independent contractors, they must pay for many of the expenses necessary to perform their jobs, including expenses for their vehicles, gas, phone, and data plan.  These expenses are normally borne by employers.

28. In light of the expenses that Point Pickup drivers bear in order to perform their jobs, the drivers' hourly wages sometimes fall below the Massachusetts minimum wage.

29. Plaintiffs also work a number of uncompensated hours for Point Pickup, including their time waiting to pickup their deliveries.

30. Plaintiffs have personally worked more than forty hours per week for Point Pickup, and they have never received any overtime premium.

31. Plaintiffs often cross state lines in their work for Defendant as they regularly pick-up products in Massachusetts and deliver them in Rhode Island.

32. The proposed class and collective of employees satisfies all the requirements for class and collective action certification, as the group numbers greater than forty class members; there are questions of law and fact raised by Plaintiffs' claims common to all members of the proposed class; these common issues predominate over any individualized issues; Plaintiffs are typical of all other Point Pickup drivers who work in Massachusetts; Plaintiffs and their counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

33. Plaintiffs have submitted a complaint with the Massachusetts Attorney General requesting permission to file suit and received a "right to sue" letter.

## COUNT I

### Wage Act

## MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148

34. Point Pickup has violated the Wage Act, in that, delivery drivers have had to bear business expenses necessary to perform their work, such as gas and car maintenance and supplying their own smartphones and phone data plans, in violation of Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT II

### Minimum Wage

### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

35.    As set forth above, Defendant has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage. This claim is brought pursuant to M.G.L. c. 151, §20.

## COUNT III

### Overtime

### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1A,7

36.    As set forth above, Defendant has violated the Massachusetts overtime statute, G.L. c. 151, §§ 1A and 7, by failing to ensure that its delivery drivers are paid a time and a half overtime premium for hours work over forty per week. This claim is brought pursuant to M.G.L. c. 151, §20.

## COUNT IV

### Unjust Enrichment

37.    Based on the facts set forth above, Point Pickup has been unjustly enriched at the expense of Plaintiffs and other delivery drivers, including by shifting its business expenses to its drivers and by misrepresenting the number of miles and, in turn, the amount of expenses that drivers would incur in performing their services.

## COUNT V

### Unfair and Deceptive Trade Practices

**MASSACHUSETTS GENERAL LAW CHAPTER 93A**

38. In the alternative, if Plaintiffs are found not to be employees of Defendant, Defendant's conduct as set forth above constitutes unfair and deceptive business practices and unfair methods of competition in violation of G.L. c. 93A.

**COUNT VI**

**Fair Labor Standards Act – Failure to Pay Overtime Wages**

**29 U.S.C. § 207**

39. Plaintiffs and members of the proposed collective routinely worked in excess of forty (40) hours per week.

40. Defendant failed to pay Plaintiffs and other drivers at the rate of one-and-a-half times their regular rate for all hours worked in excess of forty.

41. The failure of Defendants to compensate Plaintiff and members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

**WHEREFORE**, Plaintiffs request that this Court enter the following relief:

A. Certification of this action as a collective action and notice to all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

B. Certification of this action as a class action pursuant to Fed. Rule of Civil Procedure 23;

C. Restitution of the unpaid wages, including unpaid overtime and minimum wage;

D. Restitution of the proper hourly rate for all hours worked "off-the-clock" that were not recorded in Defendant's records;

E. Restitution of all expenses in incurred based on Defendant's misrepresentation regarding the number of miles involved in each delivery assignment;

F. Statutory trebling of damages and liquidated damages;

G. Attorneys' fees and costs;

H. Prejudgment Interest; and,

I. Such other relief as this Court deems equitable and just.

        Respectfully submitted,

        DOMINIC MEDEIROS and SHELIA MARCIL, individually and on behalf of all others similarly situated,

        By their attorneys,

        */s/ _Zachary L. Rubin*_____
        Zachary L. Rubin, (ct30192)
        Harold L. Lichten, *pro hac vice anticipated*
        Matthew W. Thomson, *pro hac vice anticipated*
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston St., Suite 2000
        Boston, MA 02116
        (617) 994-5800
        zrubin@llrlaw.com
        hlichten@llrlaw.com
        mthomson@llrlaw.com

        Michael J. Bace, Esq., *pro hac vice anticipated*
        BACE LAW GROUP, LLC
        PO Box 9316
        Boston, MA 02114
        508-922-8328
        mjb@bacelaw.com

Dated:  August 2, 2021